# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHELLE MONEE AQUART** | § | |
| | § | |
| **v.** | § | **NO. A-09-CA-804 AWA** |
| | § | |
| **ASCENSION HEALTH INFO. SERVS.** | § | |

## ORDER

Before the Court is the Defendant's Bill of Costs (Clerk's Doc. No. 65) and the Plaintiff's Objections to the Defendant's Bill of Costs (Clerk's Doc. No. 66).[1] As the prevailing party, Ascension requested four categories of costs: (1) deposition transcripts for $2,201, (2) printing for $93.64, (3) witness fees for $100, and (4) exemplification and copies for $3,086.19, for a total of $5,480.84. Ascension did not provide an argument for why it should receive the exemplification and copy costs—it merely quoted the statute and inventoried the costs.

Under 28 U.S.C. §1920, the following items are designated as taxable costs:

(1) Fees of the clerk and marshal;

(2) Fees for a printed or electronically recorded transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

---

[1]The Plaintiff filed her objections in February. Unfortunately, the objections were placed in Judge Nowlin's docket (where the case was originally assigned), and were not directed to the undersigned. Thus, the undersigned was unaware of them until very recently. The Court apologizes to the parties for the delay in this ruling.

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.,* 261 F.3d 512, 529 (5th Cir. 2001) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987)).

As Aquart concedes, Ascension can recover its costs for the depositions, printing, and witness fees. However, Aquart requests that the Court deny Ascension's costs for exemplification and copies because they were not "necessarily obtained for use in the case"—Ascension did not use the records in its motion for summary judgment. Section 1920(4) permits an award of costs for "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). However, a necessary condition for recovery of costs under § 1920(4) is that such items were "necessarily obtained" for use in the trial. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Thus, the Court must make an express finding of fact that the expenses were actually necessary, "rather than obtained simply for the convenience of counsel." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir. 1993).

The party seeking recovery of its costs bears the burden of proving the amount and necessity of its photocopying and printing expenses. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). While the party seeking costs certainly is not expected "to identify every xerox copy made for use in the course of legal proceedings," the Fifth Circuit does "require some demonstration that reproduction costs necessarily result from that litigation;" for instance, the costs of "reproducing relevant documents and exhibits for use in the case" is a necessary expense, whereas "multiple

copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines" is not. *Fogelman*, 920 F.2d at 286.

Ascension failed to meet its burden to differentiate necessary costs from convenience costs. Further, it did not rely on these records for its motion for summary judgment. Therefore, the Court sustains the objection to this portion of Ascension's Bill of Costs, which total $3,086.19. The Court approves the remaining costs, which total $2,394.64.

IT IS SO ORDERED this 18th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE